**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**GREGORY SAIN**,

       Plaintiff/Petitioner,

vs                                      **ORDER**
                                      Civil File No. 07-4203 (MJD/AJB)

**JAMES A. GESKE**; **CURT FORTE**;
**GARY L. MILLER**, Sheriff,
in his Individual Capacity;
**JIM KOENIG**, Deputy Sheriff,
in his Individual Capacity,
**PAUL BURKE**, Deputy Sheriff,
in his Individual Capacity,
**COUNTRYWIDE HOME LOANS, INC.**,
a corporation;
**WELLS FARGO BANK**, a corporation; and
**JOHN DOES 1-10**,

       Defendant/Respondent.

Gregory Sain, *Pro Se.*

Christina Weber, Counsel for Defendants James A. Geske, Curt Forte, Countrywide Home Loans, Inc., and Wells Fargo Bank.

William Everett, Counsel for Defendants Gary L. Miller, Jim Koenig, Paul Burke

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff's Ex Parte Motion for Temporary Injunction [Docket No. 3]. On March 24, 2005, Plaintiff obtained a mortgage on some property, including a single family residence, in Wright County, Minnesota.

Based on Plaintiff's failure to make required mortgage payments, the mortgagee foreclosed on the property and evicted Plaintiff and his spouse from the premises. Plaintiff now seeks to enjoin Defendants from removing his personal possessions from property legally designated as "Lots 5 & 6, Poplar Heights, Wright County, Minnesota." Plaintiff also seeks an order allowing him to reside at his home during the course of this pending action. The Court heard oral argument on October 16, 2007, at 10 A.M.

## II.     FACTUAL BACKGROUND

Defendant Countrywide Home Loans, Inc. ("Countrywide") and Defendant Wells Fargo Bank are involved in the mortgage business. Defendant James A. Geske was hired by Countrywide Home Loans, Inc. to represent them during the foreclosure proceedings. Defendant Curt Forte is a realtor who, at some relevant point, represented Countrywide in regard to its interest in the property. Defendants Miller, Koening, and Burke are law enforcement officers with the Wright County Sherrif's Department, who were involved in the enforcement of Plaintiff's eviction.

Plaintiff Gregory Sain resided at the property in question until August 17, 2007. At sometime near the end of 2005 or the beginning of 2006, Sain fell behind on his mortgage payments and the lender began the foreclosure process. Legal notice of mortgage foreclosure and notice of sheriff's sale was placed in the

newspaper on or about August 24, 2006.  After a sheriff's sale on October 12, 2006, title was transferred to Wells Fargo Bank.  Plaintiff was unable to redeem the property within the statutory six-month redemption period.  Consequently, an eviction summons was mailed to Plaintiff on or about June 13, 2007.  Pursuant to the eviction proceedings, the Plaintiff was given seven days to vacate the premises.  Plaintiff did not vacate.  On August 17, 2007, Defendants employed with the County Sheriff's Department forcibly evicted Plaintiff from the property.

In his Complaint, which he filed on October 10, 2007, Plaintiff alleges several causes of action arising from the events described above, including fraud, malicious prosecution, false arrest and imprisonment, and conspiracy to violate Plaintiff's rights under the Fourth and Fifth Amendments to the Constitution of the United States, and deprivation of his due process rights based on summary eviction proceedings in state court.  [Docket No. 1].  He requests various forms of relief, including compensatory and punitive damages, declaratory judgment against Defendants, and injunctive relief.  On October 12, 2007, Plaintiff filed the instant motion for a temporary injunction against Defendants.

## III.   ANALYSIS

The Eighth Circuit Court of Appeals has established the standard for considering preliminary injunctions and temporary restraining orders.  <u>Dataphase Sys. Inc. v. CL Sys., Inc.</u>, 640 F.2d 109, 113 (8th Cir. 1981) (<u>en banc</u>).  This Court

must consider (1) the threat of irreparable harm to the moving party if an injunction is not granted, (2) the harm suffered by the moving party if injunctive relief is denied as compared to the effect on the non-moving party if the relief is granted, (3) the public interest, and (4) the probability that the moving party will succeed on the merits.  Id.  "The very nature of the inquiry on petition for preliminary relief militates against a wooden application of the probability [of success on the merits] test."  Id. at 113.  A party, that party's agents, and persons acting in concert with the party are all bound by a temporary restraining order.  United States v. Jenkins, 974 F.2d 32, 36 (2d Cir. 1992).

The Court has considered the four Dataphase factors, applying them to the facts of this case as represented to the Court both orally and in writing.  Based on the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for a Temporary Restraining Order [Docket No. 3] is **DENIED**.


Dated: October 16, 2007

                                               BY THE COURT:

                                               s / Michael J. Davis
                                                 The Honorable Michael J. Davis
                                                 United States District Court Judge